**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| SVEN WARD )<br>ADC # 127219 )<br>    Petitioner, )<br>v. )<br>)<br>RAY HOBBS, Director, Arkansas )<br>Department of Correction )<br>    Respondent. ) | **Case No. 5:13-CV-00114 KGB-JTK** |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Karen G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Sven Ward. (Doc. No. 2). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

On June 19, 2007, Petitioner pleaded guilty to two sets of charges of aggravated robbery, possession of a firearm by certain persons, and misdemeanor theft of property, and he was sentenced to 300 months' imprisonment in the Arkansas Department of Correction. He did not reserve his right to file a direct appeal, so his guilty plea waived any such right under Arkansas law.

On October 10, 2007, Petitioner filed a petition for post-conviction relief under Arkansas Rules of Criminal Procedure Rule 37, arguing that his counsel was ineffective for failing to

inform Petitioner that he would not be eligible for parole. He contended that he would not have pleaded guilty if he had known this. His petition was denied as untimely on October 31, 2007. He subsequently appealed that decision, but the Arkansas Supreme Court rejected the appeal as being untimely.

On June 27, 2012, Petitioner filed a petition to correct an illegal sentence pursuant to Ark. Code Ann. § 16-90-111, alleging that his sentence was pronounced from the bench and that he was unaware that he could be sentenced under Ark. Code Ann. § 16-93-609. His petition was denied because § 16-90-111 has been superseded by Rule 37 and because it was untimely. He did not seek review of that decision.

**Discussion**

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) he was denied the right to a jury trial, 2) he was denied due process because counsel was inadequate, and 3) he received an illegal sentence because Arkansas Rules of Criminal Procedure 24.4 and 24.6 were not complied with. However, his claims fail because they are time barred, procedurally defaulted, and without merit.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The current action was not filed until nearly six years had passed since the underlying conviction took place, and none of Petitioner's attempts at postconviction review tolled the limitations period. This is because only a properly filed application for state collateral review can toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a

lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law."); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Reading the petition liberally, one could potentially interpret it as containing an argument that Petitioner is entitled to equitable tolling because he was unaware of his rights. This bald assertion is insufficient to warrant equitable tolling. "A 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner has failed to establish either prong, and Petitioner's claims are barred by the statute of limitations.

Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Because his attempts at postconviction review were untimely, Petitioner essentially failed to present his claims to the Arkansas courts in any manner. Even if it is assumed that Petitioner's lack of postconviction counsel established cause for the default of his ineffective assistance claim, Petitioner has failed to establish the requisite prejudice.

Finally, Petitioner's third claim is based on state law, and does not present a cognizable issue for federal habeas review.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 12th day of August, 2014.

_____
United States Magistrate Judge